1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7              FOR THE DISTRICT OF ARIZONA
8
9   Earl V. Nelson,                    )   No. CV 07-1011-PHX-PGR (ECV)
                                       )
10              Petitioner,            )   **REPORT AND RECOMMENDATION**
                                       )
11  vs.                                )
                                       )
12                                     )
    Dora B. Schriro, et al.,           )
13                                     )
                Respondents.           )
14                                     )
                                       )
15  _____)
16  TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:
17                      **BACKGROUND**
18          Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to
19  28 U.S.C. § 2254 filed by Petitioner Earl V. Nelson.  Doc. #1.  Following a jury trial in
20  Maricopa County Superior Court in 1998, Petitioner was convicted of one count of Reckless
21  Manslaughter.  Doc. #10 Exh. B.  On December 21, 1998, Petitioner was sentenced to 13
22  years in prison for the offense.  Doc. #10, Exh. C.
23          Through counsel, Petitioner filed a Notice of Appeal to seek review in the Arizona
24  Court of Appeals.  Doc. #10, Exh. D.  Counsel for Petitioner subsequently advised the Court
25  that after searching the record he was unable to discover any issues to raise on appeal.  Doc.
26  #10, Exh. E at 14.  The Court provided Petitioner an opportunity to file a *pro se* supplemental
27  brief but Petitioner declined to do so.  Id.  On September 28, 1999, the Court issued a
28

Memorandum Decision affirming Petitioner's conviction and sentence.  Doc. #10, Exh. E at 15.

On September 20, 1999, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.  Doc. #10, Exh. F.  The trial court appointed counsel to represent Petitioner.  Doc. #10, Exh. G.  On December 10, 1999, Petitioner's counsel filed a Notice of Completion of Post-Conviction Review and Request for Extension of Time to Allow Defendant to File Pro Per Petition.  Doc. #10, Exh. I.  In the notice, Petitioner's counsel indicated that he could find no claims for relief to raise on Petitioner's behalf.  Id.  Petitioner never filed a pro per petition and, therefore, the trial court dismissed the petition for post-conviction relief in a Minute Entry filed on June 10, 2000.  Doc. #10, Exh. K.  Petitioner did not seek review in the Arizona Court of Appeals or the Arizona Supreme Court.

Petitioner filed a second Petition for Post-Conviction Relief on September 15, 2004. Doc. #10, Exh. L.  In a Minute Entry filed on September 20, 2004, the trial court found that the petition was untimely and ruled that Blakely v. Washington, 542 U.S. 296 (2004), does not apply retroactively to convictions that were already final.  Doc. #10, Exh. M. Accordingly, the trial court dismissed the petition for post-conviction relief.  Id.  Petitioner did not seek review in the Arizona Court of Appeals or in the Arizona Supreme Court.[1]

On October 4, 2004, Petitioner filed a third Notice of Post-Conviction Relief.  Doc. #10, Exh. N.  The trial court treated the new notice as a motion for rehearing given that it raised the same Blakely claim asserted in the previous petition.  Doc. #10, Exh. O.  The court found no good cause to alter its previous ruling and it denied the motion.  Id.  Petitioner did not seek review in the Arizona Court of Appeals or Arizona Supreme Court.  He did, however, file a Motion to Correct Minute Entry in which he claimed the trial court should

---

[1] Petitioner claims that he sought review of his second petition in the Arizona Court of Appeals.  Doc. #1 at 3.  The petition for review he refers to, however, was for his fourth petition for post-conviction relief.  There is no evidence that Petitioner sought review of his first three petitions.

1   not have treated his third petition as a motion for rehearing.  Doc. #10, Exh. P.  The trial

2   court denied the motion.  Doc. #10, Exh. Q.

3          On September 8, 2005, Petitioner filed fourth Petition for Post-Conviction Relief,

4   again alleging that his sentence was unlawfully aggravated in violation of the rule announced

5   in <u>Blakely</u>.  Doc. #10, Exh. R.  The trial court again denied the petition based on it previous

6   ruling that <u>Blakely</u> "did not apply retroactively to defendant because his conviction was final

7   before <u>Blakely</u> was decided."  Doc. #10, Exh. S.  Petitioner submitted a Petition for Review

8   to the Arizona Court of Appeals on October 12, 2005.  Doc. #1, Exh. B.  The Court of

9   Appeals denied the petition on August 4, 2006.  Doc. #10, Exh.  A.  Petitioner did not seek

10   review in the Arizona Supreme Court.

11          On May 18, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this court.

12   Doc. #1.  Petitioner alleges four grounds for relief.  On July 2, 2007, Respondents filed an

13   Answer to Petition for Writ of Habeas Corpus.  Doc. #10.  Despite being informed of the

14   opportunity to file a reply, Petitioner declined to do so.

15                       **DISCUSSION**

16          Respondents contend that the petition should be dismissed because it was not filed

17   within the statute of limitations period.  Having failed to file a reply, Petitioner does not

18   refute the statute of limitations argument.  Because the information presented establishes that

19   the habeas petition is untimely, the court finds that it is barred by the statute of limitations

20   and recommends that the petition be denied on that basis.

21   **A.**    **Legal Standards**

22          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

23   statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

24   <u>See</u> 28 U.S.C. § 2244(d)(1).  The statute provides:

25          A 1-year period of limitation shall apply to an application for a writ of habeas

26          corpus by a person in custody pursuant to the judgment of a State court. The
             limitation period shall run from the latest of–

27

28

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921.  However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling.  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005).  "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Id.  Moreover, filing a petition for post-conviction relief does not reinitiate a limitations period that ended before the petition was filed.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA may be subject to equitable tolling.  Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002).  However, as a general rule, equitable tolling is not available in most cases and may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

**B.  Application**

Here, the Arizona Court of Appeals affirmed the conviction and sentence on September 28, 1999.  Petitioner had 30 days to file a petition for review to the Arizona Supreme Court, which he did not do.  See Ariz.R.Crim.P. 31.19(a).  Accordingly, under 28

1   U.S.C. § 2241(d)(1)(A), Petitioner's conviction became final upon the expiration of that time

2   period, which was October 28, 1999.  Thus, absent any tolling, the statute of limitations

3   would have begun to run the following day.  Petitioner, however, filed his first petition for

4   post-conviction relief on September 20, 1999.  The petition therefore tolled the limitations

5   period for the time that it was pending.  The trial court dismissed the petition on June 10,

6   2000, and Petitioner did not seek review. Therefore, as of June 11, 2000, there was no

7   petition for post-conviction relief or other application for collateral review pending to further

8   toll the limitations period.  Consequently, the limitations period began to run on June 11,

9   2000 and expired one year later on June 11, 2001.

10          By the time Petitioner filed his second, third and fourth petitions for post-conviction

11  relief in 2004 and 2005, the limitations period had already expired.  Those petitions,

12  therefore, did not result in any additional tolling of the limitations period. See Ferguson, 321

13  F.3d at 823. When Petitioner filed his habeas petition on May 18, 2007, nearly six years had

14  passed since the limitations period expired on June 11, 2001.  The habeas petition is therefore

15  untimely under 28 U.S.C. § 2244(d)(1)(A).

16          Petitioner does not argue that the limitations period should be calculated under a

17  different subsection of § 2244(d)(1) and the court finds that the allegations in the petition do

18  not support an alternative calculation.  Further, Petitioner has not alleged that equitable

19  tolling of the limitations period should be applied here and the court finds no basis to do so.

20  **C.    Conclusion**

21          For these reasons, the court finds that Petitioner's habeas petition is untimely under

22  28 U.S.C. § 2244(d)(1)(A).  The court will therefore recommend that the petition be denied

23  and dismissed.

24  ///

25  ///

26  ///

27  ///

28  ///

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 30th day of June, 2008.

Edward C. Voss
United States Magistrate Judge